UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SANCHEZ NAVARRETE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-02777-DAD-EFB (HC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br><br>(Doc. No. 10) |

On April 13, 2026, motions for temporary restraining order and to appoint counsel were filed on behalf of immigration detainee petitioner Jesus Sanchez Navarrete through his next friend Jorge Romero Orellana.  (Doc. Nos. 2, 3.)  On April 17, 2026, the court issued an order denying the motion for temporary restraining order without prejudice to its renewal and granted the motion to appoint counsel.  (Doc. No. 6.)  In that same order, the court referred this matter to the Federal Defender's Office ("FDO") of the Eastern District of California, and directed the FDO to file a notice regarding whether petitioner is financially eligible for appointment of counsel and, if so, identifying counsel to be appointed at petitioner's behalf.  (*Id.*)  On May 15, 2026, the FDO filed a notice reporting that petitioner is financially eligible for appointment of counsel and designating attorney Galina Dorris at 1215 Capitol Avenue Sacramento, CA  95816 as "counsel for service" in this action.  (Doc. No. 8 at 1.)  However, after the FDO's filing, attorney Dorris

1

has not filed a notice of appearance on behalf of petitioner and a review of the docket reveals that attorney Dorris has not been listed as counsel on behalf of petitioner. On June 22, 2026, petitioner, proceeding *pro se*, filed a renewed motion for temporary restraining order. (Doc. No. 10.).

*Pro se* filings by a represented party are improper. *See Riel v. Warden, San Quentin State Prison*, No. 2:01-cv-0507-MCE-DB, 2023 WL 2413825, at *1 (E.D. Cal. Mar. 8, 2023); *United States v. Brayshaw*, No. 2:14-mc-00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions"). Therefore, the court will deny petitioner's *pro se* motion for a temporary restraining order (Doc. No. 10) without prejudice to a motion properly filed by his appointed counsel.

For the reasons stated above,

1.   Petitioner's *pro se* motion for temporary restraining order (Doc. No. 10) is DENIED without prejudice to a properly filed motion;

2.   The Clerk of the Court is directed to serve a copy of this order on attorney Dorris at the address listed above and in Doc. No. 8;

3.   Attorney Dorris is directed to enter a notice of appearance on petitioner's behalf in this action; and

4.   The petition for writ of *habeas corpus* (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 23, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2