UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SANCHEZ NAVARRETE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-02777-DAD-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. Because petitioner has since been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**BACKGROUND**

Petitioner, a native of Honduras, initiated this action in propria persona on April 13, 2026, seeking habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Petitioner alleged that he had been taken into Immigration and Customs Enforcement (ICE) custody on January 19, 2026 and was held without a bond hearing. ECF No. 15 at 5-10. He alleged that his prolonged detention without a bond hearing violated the Immigration and Nationality Act, the Administrative Procedures Act, and his rights to due process. *Id*. at 13-18. As relief, petitioner requested a stay of removal and immediate release from custody or, in the alternative, that the court order respondent to provide him a bond hearing. *Id*. at 17-19.

Petitioner moved for a temporary restraining order and for the appointment of counsel, on April 13, 2026. ECF Nos. 2, 3. The court denied the motion for a temporary restraining order and granted the motion for appointment of counsel, on April 17, 2026. ECF No. 6. Respondent filed a return to the petition, on May 5, 2026, ECF No. 7, and petitioner, through counsel, filed an amended petition for writ of habeas corpus, on July 24, 2026. ECF No. 15. Respondent filed a response, on July 31, 2026. ECF No. 17. On September 5, 2026, the parties filed a joint status report stating that petitioner had been removed to Honduras on August 30, 2026. ECF No. 19 at 2; *see also* ECF No. 22.

**DISCUSSION**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perr*y, 570 U.S. 693, 705 (2013). This requirement extends through the life of the case; a case must be dismissed if it becomes moot at any state. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997); *City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In a habeas corpus action challenging immigration detention, the case becomes moot if the petitioner is deported, unless the petitioner alleges he will suffer some form of adverse collateral consequence in addition to deportation from the harms alleged in the petition. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007); *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

Here, liberally construed, the petition challenged only petitioner's pre-removal detention as violative of his rights. ECF No. 15 at 13-19. Because petitioner has been removed, however, his claims challenging the lawfulness of his pre-removal detention have become moot. *See Abdala*, 488 F.3d at 1064-65. The petition alleged no collateral consequences that would be redressed by a ruling in his favor. *See id*. Because there is no extant controversy on which the court can act, the undersigned recommends the petition be dismissed. *See Abdala*, 488 F.3d at 1065.

**CONCLUSION**

Accordingly, it is RECOMMENDED that the Amended Petition for Writ of Habeas Corpus (ECF No. 15) be DISMISSED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE